UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

JOSE PAREDES,

        Petitioner,

    -v-

LUIS MARSHALL,

        Respondent.

----------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  MAR 2 3 2009
```

No.  07 Civ. 9862 (LTS)(JCF)

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se petitioner Jose Paredes ("Petitioner") seeks a writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  Magistrate Judge James C. Francis issued a Report and Recommendation

("Report") recommending that the petition be denied on the grounds that the first claim lacked

prejudice and the second claim was unexhausted.  Timely objections to the Report were received

from Petitioner.  Respondent submitted a letter on December 5, 2008, urging the Court to adopt the

Report.

### Background

Petitioner was convicted of criminal possession of a controlled substance in the first

degree following a jury trial in New York State Supreme Court, New York County.  He filed a

direct appeal, contending that (1) his trial counsel provided constitutionally ineffective assistance

and (2) the trial court erred in denying his motion to set aside the verdict. (Def. Brief at 2, 17-24).

The Appellate Division rejected both grounds for relief in affirming the conviction and the New

York Court of Appeals denied leave to appeal.

Copies mailed/faxed to *All parties*
Chambers of Judge Swain   3-23-09

## Legal Standard

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate judge's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Pro se petitioners are generally accorded leniency when making objections. Walker v. Vaughn, 216 F. Supp. 2d 290, 292 (S.D.N.Y. Dec. 12, 1994) (quoting Vasquez v. Reynolds, No. 00 Civ. 0862, 2002 WL 417183 at *5 (S.D.N.Y. Mar. 18, 2002). Nevertheless, objections to a Report and Recommendation must be specific and clearly directed to particular findings or conclusions in the magistrate judge's recommendation. Camardo, 806 F. Supp. at 381-82.

A district court may not issue a writ of habeas corpus when state custody is being challenged unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d).

The Court has considered thoroughly Petitioner's objections. For the following reasons, the Court adopts Judge Francis's recommendations and denies Petitioner's habeas corpus petition.

## Petitioner's Objections

Familiarity with the Report is assumed. Petitioner's objections assert that the Report erred as follows: 1) the Report failed to recognize that the Petitioner was denied the right to the effective assistance of trial counsel; and 2) the Report incorrectly concluded that the state court's failure to set aside the verdict was not cognizable by this Court because Petitioner had failed to raise federal issues in his motion to set aside the verdict. (Obj. ¶¶ 18, 25, 27-28).

Petitioner claims that his counsel's misplacing of photographs constituted ineffective assistance of counsel. (Petition at 4). The photographs allegedly supported the testimony of a defense witness and contradicted the testimony of the arresting police officer. To prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate not only that defense counsel's performance was deficient but that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). The petitioner must go beyond merely showing that "the errors had some conceivable effect on the outcome of the proceeding" but must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The Report concludes that Petitioner has failed to show how the introduction of the photographs would have altered the outcome of the trial. The photographs would simply have supported the testimony of a defense witness, offering no new information to the jury, and therefore their absence was of no particular harm to the reliability of the state court proceeding. The Report therefore concludes that Petitioner failed to meet his burden of demonstrating that he was prejudiced by the allegedly deficient representation. (Report at 14-15). In his Objection, Petitioner fails to address any of the Report's findings specifically, instead reiterating prior arguments, summarizing previous points, and discussing general legal principles. The Court has, accordingly,

reviewed this aspect of the Report for clear error and finds none in Judge Francis's thorough, well-reasoned analysis.

In the second claim, Petitioner argued that it was error for the state court to deny his motion to set aside the verdict pursuant to CPL § 330.30, on the ground that the misplaced photographs constituted newly discovered evidence. (Petition at 5). A federal court may only examine the merits of a habeas corpus claim to the extent that the grounds were fairly presented in federal constitutional terms to the state courts. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). In his state court briefing, Petitioner cited to state cases only and implicated no federal violations in arguing that the court's denial of his motion was improper. (Def. Brief ¶¶ 23-24). The Report concludes that the claim is unexhausted because Petitioner failed to assert it in federal constitutional terms at the state level. (Report at 17-18).

Petitioner objects to the Report's conclusion that his claim with respect to the state court's denial of his motion to set aside the verdict was unexhausted, arguing that his post-trial motion extended beyond state concerns because it was "incorporated and interwoven" with the ineffective assistance of counsel claim. (Obj. ¶ 24). Petitioner attempts to argue that, but for ineffective counsel in relation to the photographs, the outcome of the proceedings would have been different. (Obj. ¶ 27-28). To the extent that this argument is a variation or reiteration of Petitioner's ineffective assistance of counsel claim, it is unavailing because, as explained above, there is no clear error in the Report's conclusion that Petitioner did not suffer the requisite prejudice by reason of the failure to introduce the photographs. Petitioner identifies no other ground for a determination that his second claim was exhausted on federal grounds. Accordingly, there is no clear error in the Report's conclusion that the claim must be rejected as unexhausted.

Petitioner's further objections are general and, as they identify no clear errors in Judge Francis' analysis, are without merit.

## CONCLUSION

Judge Francis's Report and Recommendation is hereby adopted in its entirety.

Accordingly, the petition for a writ of habeas corpus is denied. Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealibility." 28 U.S.C.A § 253(c)(1) (West Supp. 2006). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A § 2253(c)(2) (West Supp. 2006); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d. Cir. 1997) (discussing the standard for issuing a certificate of appealibility). The Court finds that Petitioner will not be able to sustain this burden. Thus, the Court declines to issue a certificate of appealibility.

SO ORDERED.

Dated: New York, New York
March 23, 2009

LAURA TAYLOR SWAIN
United States District Judge